**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KARINE CHRAKYAN; LUSINE SHAHINYAN, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-70759 <br><br> Agency Nos. A079-544-227 <br> A079-544-228 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 17, 2011
San Francisco, California

Before: THOMAS, GOULD, and BYBEE, Circuit Judges.

Petitioners Karine Chrakyan and her daughter, Lusine Shahinyan, a

derivative applicant, (together, "Petitioners") both natives and citizens of Russia,

petition for review of the Board of Immigration Appeals' ("BIA") decision

affirming an Immigration Judge's ("IJ") denial of her applications for asylum,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

withholding of removal, and protection under the Convention Against Torture ("CAT").

Petitioners, both Chechens, entered the United States to escape the conflict between Chechnya and Russia.[1]  During the war, they were displaced to a refugee camp where in one instance Russian soldiers, who were drunk and under the influence of drugs at the time, demanded their valuables and, when they had none to give, tore their clothes and beat them.  Petitioners suffered no broken bones, and the record does not show they required medical treatment, but, per Petitioner's testimony which we must credit, they were badly beaten.

Petitioners moved to Moscow but, because they were Chechen, could not get a registration stamp to live in the city.  Police stopped them and took them to the police station, where, according to Petitioner Karine, police would "humiliate us, harass us, scare, frighten us that they would send us back to refugee camps" until the Chrakyans gave them money as a bribe to leave the police station.

The BIA held that Petitioners did not demonstrate that the beating and harassment they suffered at the refugee camp rose to the level of past persecution, and the discrimination they described in other parts of Russia also did not show

---

[1] Because Petitioner's testimony was found to be credible, we present the events according to her testimony.

2

past persecution. We review that determination for substantial evidence. *See Kumar v. Gonzales*, 444 F.3d 1043, 1049 (9th Cir. 2006). "Reversal is warranted only if the evidence presented was such that a reasonable fact-finder would be compelled to conclude that the petitioner was persecuted . . . ." *Padash v. INS*, 358 F.3d 1161, 1165 (9th Cir. 2004). The record does not compel a finding of past persecution. There is nothing to suggest that the incident at the refugee camp was anything more than a robbery or that Petitioners were targeted by the soldiers because of a protected ground. Also, the harassment that petitioner described in Moscow did not rise to the level of persecution. *See Gu v. Gonzales*, 454 F.3d 1014 (9th Cir. 2006) (past persecution not found where petitioner was detained at a police station for three days and beaten ten times with a rod).

Petitioners have also not met their burden of establishing that they are "more likely than not to suffer intentionally-inflicted cruel and inhuman treatment that either (1) is not lawfully sanctioned by that country or (2) is lawfully sanctioned by that country, *but* defeats the object and purpose of CAT." *Nuru v. Gonzales*, 404 F.3d 1207, 1221 (9th Cir. 2005) (quoting *Wang v. Ashcroft*, 320 F.3d 130, 134 (2d Cir. 2003) (internal quotation marks omitted); *see also* 8 C.F.R. § 208.16(c)(2). Petitioners expressed fears of future torture because of ongoing hostilities in

3

Chechnya, but those concerns do not compel a finding that they will be subjected to torture upon return to Russia.

The petition for review is **DENIED**.